IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**RAYMOND EDWARD GILL,**

      **Plaintiff,**

v.                                                                                                                   Civil Action No. 1:20cv139
                                                                                                                   (Judge Kleeh)

**BRYAN ANTONELLI, Warden; WEST
VIRGINIA; STATE OF MARYLAND;
and DISTRICT OF COLUMBIA,**

      **Defendants.**

### REPORT AND RECOMMENDATION

On July 15, 2020, the *pro se* Plaintiff, an inmate at USP Hazelton in Bruceton Mills, West Virginia, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. §1983. ECF No. 1. The Clerk of Court issued a Notice of Deficient Pleading, advising Plaintiff to either pay the full filing fee of $400 or file a motion to proceed as a pauper with supporting documents within 21 days.  ECF No. 3.

This case is before the undersigned for a preliminary review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also Ashley v. E. Dilworth, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." Dupree v. Palmer, 284 Fed 3d 1234, 1237 (11th Cir. 2002); see also Finley v. Doe, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.). As outlined below, the undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision.[1]

On July 10, 1996, the plaintiff filed a § 1983 complaint in the United States District Court for the District of Maryland against an attorney, a judge, and another defendant.[2] By Order entered on July 18, 1996, the case was summarily dismissed by District Judge Benson E. Legg, as frivolous pursuant to 28 U.S.C. § 1915(e). See Gill v. Kennedy, *et. al*., Civil Action No. 1:96cv02106.

On October 11, 2013, the plaintiff filed a civil rights complaint in the United States District Court for the District of Maryland, against the United States; the State of Maryland; Baltimore County Department of Corrections Captain Airey; Director D. Richards; Deputy Director T. Fitzgerald; Corr. Major B. Flanigan; Programs Manager Sharon Tyler; Correctional Captains,

---

[1] The undersigned acknowledges that the Fourth Circuit's position previously was that a dismissal without prejudice did not count as a strike. See McClean v, United States, 566 F.3d 291(2008). However, that position has recently been abrogated by the Supreme Court decision in Lomax v. Ortiz-Marquez, 2020 WL 3038282 (U.S. June 8, 2020). Therefore, regardless whether the plaintiff's three cases were dismissed with or without prejudice, they count as strikes.

[2] Because of the age of this case, the docket was not hyperlinked and so the complaint and Order dismissing it could not be viewed; the only information available about the case was in the staff note to the July 18, 1996 dismissal order.

Lieutenants, Sergeants, and Aramark Foods, raising several conditions of confinement claims; asserting that he was denied a public defender in a preliminary hearing; and arguing that the public defenders' office had a conflict of interest. See Gill v. United States, Civil Action No. JFM-13-3071 (D. Md. Oct. 23, 2013). By Memorandum Opinion issued on October 23, 2013, District Judge J. Frederick Motz dismissed the case pursuant to 28 U.S.C. § 1915(e)(2) for its failure to state a claim upon which relief could be granted, and directed the Clerk to issue a "strike" against Plaintiff.

On January 5, 2017, the plaintiff filed a § 1983 complaint in the United States District Court for the District of Maryland, seeking three million dollars in damages, based on his assertion that one of the defendants, a United States Attorney who prosecuted him, was not an active member of the bar, and the other two defendants knew this but permitted her to enter an appearance in the case anyway. See Gill v. Ciamuschini, *et. al*., Civil Action No. 1:17cv00032. In a January 11, 2017 Order, noting that Plaintiff had previously raised this claim in a previous case, District Judge J. Frederick Motz deemed the claim frivolous; granted Plaintiff's motion to proceed as a pauper; summarily dismissed the complaint pursuant to 28 U.S.C. § 1915(e); directed the Clerk to flag the case as a strike; and warned Plaintiff that after a third dismissal under 28 U.S.C. § 1915(e), he would not be permitted to file a civil action without paying the full filing fee or proving he was in imminent danger of serious physical injury.

On October 16, 2017, the plaintiff filed a § 1983 complaint in the United States District Court for the District of Maryland, seeking "1.1 million dollars in damages" against the law firm that employed his criminal defense attorney for denying him access to certain transcripts following the completion of his appeal. See Gill v. Law Offices of Murtha, Psoras and Lanasa, Civil Action No. 1:17cv03024. On October 18, 2017, United States District Judge Richard D. Bennett issued a Memorandum Opinion based on a screening pursuant to 28 U.S.C. § 1915(e)(2), which requires

3

dismissal of the case if the complaint is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Judge Bennett dismissed the case upon initial screening for its claim for failure to state a claim upon which relief could be granted, noting that "[t]his will be the third strike [sic] earned by Plaintiff. See Gill v. United States, et al., Civ. Action JFM-13-3071 (D. Md. 2013), Gill v. Ciambruschini, et al., Civ. Action JFM-17-32 (D. Md. 2017)."

Plaintiff is listed on the National Three-Strikes Database as having at least three strikes.

Therefore, to avoid dismissal and proceed without prepayment of the filing fee, the plaintiff must plausibly allege that he is under imminent danger of serious physical injury. See 28 U.S.C. 1915 (g). Vague, speculative, or conclusory allegations are insufficient to invoke this exception. See Johnson v. Warner, 200 F. Appx 270, 272 (4th Cir. 2006) (per curiam) (unpublished). Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

In the instant case, while Plaintiff does initially make a cursory claim that he is in "imminent danger of serious physical injury due to the coronavirus-19 in the federal prisons and society. And the pandamic [sic] continue[s] to spread[] through the prisons and America, [ECF No. 1 at 9]," he then goes on to contend in a rambling, repetitive memorandum in support that he is being "illegally detained" in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights and that he has been subjected to the tort of "false imprisonment and a loss of liberty." ECF No. 1 at 9. Further, he alleges he was denied a fair and timely revocation hearing in violation of his due process rights; was taken into custody on September 6, 2013; a detainer was placed on July 9, 2015; the parole commission "illegally resurrected a 1980, 15 year and 1985 20 year concurrent,

and a 5 year consecutive sentence which was aggregated to 29 years. Id. at 9 – 10. He argues that this was wrongful because those cases had "expired" and had been closed by the U.S. Parole Commission. Id. at 10. He references N.D. W.Va. Case No. 5:17cv36, which was a habeas action pursuant to 28 U.S.C. § 2241, raising much the same claims Plaintiff now raises here.[3] He argues that he is entitled to resentencing "because under Johnson [sic],[4] the guidelines residual clause was unconstitutionally vague." Id. at 11.  Further, he seeks one million dollars in compensatory damages and one million dollars in punitive damages. Id. at 13.

Upon thorough review of the complaint, the undersigned concludes that the plaintiff has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule. Nothing in the plaintiff's complaint remotely alleges that he is under imminent danger of serious physical injury; his conclusory claim regarding the same appears to indicate that he would be at equal risk from "coronavirus-19" in "society."

For the foregoing reasons, the undersigned recommends the plaintiff's case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915 (g).  The undersigned further recommends that plaintiff be advised to **DISREGARD the Notice of Deficient Pleading**. Further, the undersigned recommends that plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must initiate a new case by filing a complaint with payment of the $400 filing fee.

The plaintiff shall have **fourteen days from the date of entry of this Report and Recommendation** within which to file with the Clerk of this Court, **specific written objections,**

---

[3] That case was filed on March 27, 2017. The February 27, 2018 Report and Recommendation in that case was adopted by Senior District Judge Frederick P. Stamp, Jr., and the case was dismissed with prejudice on June 25, 2018.
   Gill also filed the same claims on December 18, 2107 in a Bivens action in this Court, in Case No. 2:17cv151; an Order Dismissing Complaint without prejudice was entered on October 8, 2019, Gill v. United States Parole Commission, et al., Case No. 2:17cv151.

[4] The undersigned presumes that Plaintiff is referring to Johnson v. United States,135 S.Ct. 2551 (2015).

**identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: July 17, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE